**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LIVE PRIMARY, LLC,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 20–11612 (MG) |

**DECLARATION OF LISA SKYE HAIN PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK**

I, Lisa Skye Hain, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the managing member of Live Primary, LLC ("**Primary**" or the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned chapter 11 case, and submit this declaration (this "**Declaration**") pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") in support of the Debtor's petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), to assist the Court and other parties-in-interest in understanding the circumstances giving rise to the commencement of this chapter 11 case.

2. Except as set forth below, all facts set forth in this Declaration are based upon my personal knowledge. If called upon to testify, I would testify competently to the facts set forth below.

**CIRCUMSTANCES PRECIPITATING THE BANKRUPTCY FILING**

3. Primary is a coworking business specializing in workplace wellness and high touch hospitality. By focusing on the "shared economy" model of office space, Primary has been able to offer short-term commercial work and amenity spaces for businesses of all sizes since

its inception in 2015, and distinguishes itself by catering to a diverse and vibrant community dedicated to personal and professional mindfulness.

4. Pursuant to a lease dated November 3, 2015 with Broadway 26 Waterview LLC, as amended from time to time, the Debtor occupies the 3rd and 8th floors of the premises known as 26 Broadway, New York, New York (the "**Premises**").

5. The Debtor's business has been decimated by the work restrictions imposed on non-essential businesses as a result of the COVID-19 pandemic, and its rent arrears for the period January 2020 through June 2020 are approximately $1,113,000. The landlord holds a security deposit of approximately $1,100,000.

6. Pursuant to a notice dated June 22, 2020, the landlord made a demand for payment of all rent arrears and notified the Debtor of its intent to apply the security deposit on or before July 13, 2020, in the event the Debtor failed to cure the rent default. As of the filing of the Debtor's chapter 11 petition, it had not cured the rent default and the landlord had not applied the security deposit.

7. The Debtor intends to take the opportunity, as a debtor-in-possession, to negotiate an amendment to its lease with the landlord that will enable it to continue to occupy the Premises under terms that are consistent with its ability to pay.

8. The Debtor has approximately 20 creditors whose claims arise under 18.0% Secured Convertible Promissory Notes due in June of 2021. The Notes are dated between June and August of 2019. Such noteholders' claims aggregate approximately $2.65 million.

9. The noteholders have notified the Debtor of its default under the Notes and declared the balances due thereunder due and payable. The Debtor has been negotiating with the noteholders and is confident that it will be able to file and confirm a plan under which the Notes

will be restructured, such that the Debtor will be able to service the debt and continue to operate as a going concern.

10. The Debtor notes that the noteholders have a security interest in and lien upon substantially all its assets, including, without limitation, the Debtor's cash receipts. Accordingly, upon the filing of the Debtor's chapter 11 petition, the Debtor will seek this Court's permission to use cash collateral in which the noteholders have an interest pursuant to the terms of a proposed consent order.

## **INFORMATION REQUIRED BY LOCAL RULE 1007-2**

11. Local Rule 1007-2 requires a debtor to disclose certain information, which is outlined below and set forth in the schedules attached hereto. Unless otherwise indicated, the financial information contained herein is unaudited.

12. Pursuant to Local Rule 1007-2(a)(4), a debtor is required to set forth the following information with respect to the holders of its twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of persons(s) familiar with the debtor's accounts, if any; the amount of the claim; and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured. Attached as *Schedule A* hereto is a schedule setting forth this information.

13. Pursuant to Local Rule 1007-2(a)(5), a debtor is required to set forth with respect to each of the holders of its five (5) largest secured claims, each secured creditor's name, address, the amount of its claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed. Attached as *Schedule B* hereto is a schedule setting forth this information.

14. Pursuant to Local Rule 1007-2(a)(6), a debtor is required to set forth a summary of its assets and liabilities. Attached as *Schedule C* hereto is a schedule setting forth this information.

15. Pursuant to Local Rule 1007-2(a)(7), a debtor is required to disclose whether any of the debtor's securities are publicly held. None of its securities are publicly held.

16. Pursuant to Local Rule 1007-2(a)(8), a debtor is required to set forth a list of all property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity, giving the name, address, and telephone number of such entity, and the location of the court in which any proceeding relating thereto is pending. Local Rule 1007-2(a)(8) is not applicable to this chapter 11 case.

17. Pursuant to Local Rule 1007-2(a)(9), a debtor is required to set forth a list of the premises owned, leased, or held under other arrangement from which it operates its business. Attached as *Schedule D* hereto is a schedule setting forth this information.

18. Pursuant to Local Rule 1007-2(a)(10), a debtor is required to disclose the location of its substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States. The Debtor does not hold any assets outside the territorial limits of the United States. All of the Debtor's books and records are located on the Premises.

19. Pursuant to Local Rule 1007-2(a)(11), a debtor is required to set forth a list of the nature and present status of each action or proceeding, pending or threatened, against it or its property where a judgment against it or a seizure of its property may be imminent. Local Rule 1007-2(a)(11) is not applicable to this chapter 11 case.

20. Pursuant to Local Rule 1007-2(a)(12), a debtor is required to disclose the names of the individuals who comprise its respective existing senior management, their tenure, and a brief summary of their relevant responsibilities and experience. Attached as *Schedule E* hereto is a schedule setting forth this information.

21. Pursuant to Local Rule 1007-2(b)(1), a debtor is required to disclose the estimated amount of weekly payroll to employees (not including officers, directors, and stockholders) for the 30-day period following the filing of its chapter 11 petition. The Debtor forecasts payroll to employees for the next 30 days to be $26,084.

22. Pursuant to Local Rule 1007-2(b)(2)(A), a debtor is required to disclose the amount proposed to be paid to officers, stockholders and directors for services for the 30-day period following the filling of its chapter 11 petition. The Debtor does not propose to pay officers, stockholders and directors for services in the next 30 days.

23. Pursuant to Local Rule 1007-2(b)(3), a debtor also is required to disclose for the 30-day period following the filing of its chapter 11 petition, a list of its estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees. Attached as *Schedule F* hereto is a schedule setting forth this information.

Dated: New York, New York
      July 13, 2020

                                                                 /s/ *Lisa Skye Hain*
                                                                 Lisa Skye Hain

# Schedule A

# Twenty (20) Largest Unsecured Claims

| # | Name, Address and Telephone Number of Creditor | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|
| 1 | Broadway 26 Waterview LLC<br>c/o Newmark Knight Frank AAF<br>125 Park Avenue<br>New York, NY 10017<br>(212) 344-2151 | Rent Arrears | n/a | $1,455,204.91 |
| 2 | Bar Capital LLC<br>26 Broadway, 8th Fl.<br>New York, NY 10004<br>(646) 866-6866 | Promissory Note | n/a | $250,000.00 |
| 3 | Danny Orenstein<br>26 Broadway, 8th Fl.<br>New York, NY 10004 | Buyout Agreement | n/a | $202,000.00 |
| 4 | New York Grant Company Inc.<br>29 Broadway, Ste 2222<br>New York, NY 10006 | Services rendered (grant fees) | n/a | $11,506.96 |
| 5 | Kelly Noonan<br>49 Beverly Park Circle<br>Beverly Hills, CA 90210 | Promissory Note | n/a | $10,916.48 |
| 6 | Sage Vertical Garden System<br>1400 E Lake Road, #105<br>Buffalo Grove, IL 60089<br>(312) 234-9655 | Trade debt | n/a | $8,404.05 |
| 7 | De Lage Landen Financial Services, Inc.<br>1111 Old Eagle School Rd<br>Wayne, PA 19087<br>(610) 386-5000 | Trade debt | n/a | $7,833.06 |
| 8 | New York City Licensing Center<br>P.O. Box 4199<br>Church Street Station<br>New York, NY 10261 | New York City Fines | n/a | $6,300.00 |
| 9 | Manhattan Concrete Systems LLC<br>16 West 22nd St, 12th Fl.<br>New York, NY 10010<br>(646) 991-5199 | Services rendered | n/a | $4,526.56 |

| | | | | |
|---|---|---|---|---|
| 10 | Say Bookkeeping LLC<br>350 Lincoln Rd, Ste 100<br>Miami Beach, FL 33139<br>(786) 292-9519 | Professional services | n/a | $4,500.00 |
| 11 | TGI Office Automation<br>120 3rd Street<br>Brooklyn, NY 11231<br>(866) 468-4462 | Equipment | n/a | $1,554.73 |
| 12 | WB Mason<br>59 Centre Street<br>Brockton, MA 02303 | Trade debt | n/a | $1,511.64 |
| 13 | Pepco<br>561 Acorn Street, Unit H<br>Deer Park, NY 11729<br>(631) 940-1030 | Services rendered | n/a | $1,045.20 |
| 14 | Serhey Davidson Corporation<br>160 Broadway #1106<br>New York, NY 10038<br>(212) 964-7802 | Insurance | n/a | $676.23 |
| 15 | Auto-Chlor System<br>685 Gotham Pkwy<br>Carlstadt, NJ 07072<br>(201) 438-2772 | Equipment | n/a | $497.51 |
| 16 | City of New York Fire Department<br>P.O. Box 412014<br>Boston, MA 02241<br>(718) 999-2327 | Services rendered | n/a | $315.00 |

# Schedule B

# Five (5) Largest Secured Claims

| # | Name, Address and Telephone Number of Creditor | Amount of Claim | Description of Security Interest | Estimated Value of Collateral | Whether Claim is Disputed |
|---|---|---|---|---|---|
| 1 | Summit Monkeys LLC<br>1307 Kallien Court<br>Naperville, IL 60540 | $400,000.00 | Substantially all assets | $6,341,031.29 | No |
| 2 | Fin Tap 401k Trust<br>26 Broadway, 8th Fl.<br>New York, NY 10004 | $350,000.00 | Substantially all assets | $6,341,031.29 | No |
| 3 | Nortman Holdings LLC<br>1300 E Woodfield Rd, Ste 150<br>Schaumburg, IL 60173<br>(847) 239-7500 | $281,100.00 | Substantially all assets | $6,341,031.29 | No |
| 4 | Buzz Ruttenberg<br>1101 W. Monroe St., Ste 200<br>Chicago, IL 60607 | $250,000.00 | Substantially all assets | $6,341,031.29 | No |
| 5 | MC Opportunities Fund, LP<br>311 S. Wacker Dr, 64th Fl.<br>Chicago, IL 60606 | $237,250.00 | Substantially all assets | $6,341,031.29 | No |

**Schedule C**

| | | |
|---|---:|---:|
| **Summary of Assets and Liabilities** | | |
| **ASSETS** | | |
|   **Current assets** | | |
|     Cash and cash equivalents | $ | 49,354.98 |
|     Accounts receivable | $ | 635,157.44 |
|     Prepaid expenses | $ | 168,390.58 |
| | $ | **852,903.00** |
|   **Fixed assets** | | |
|     Computers | $ | 61,131.78 |
|     Furniture & fixtures | $ | 296,473.69 |
|     Leasehold improvements | $ | 4,030,728.82 |
| | $ | **4,388,334.29** |
|   **Other assets** | | |
|     Security deposit | $ | 1,099,794.00 |
| | $ | **1,099,794.00** |
| **TOTAL ASSETS** | $ | **6,341,031.29** |
| **LIABILITIES** | | |
|   **Current Liabilities** | | |
|     Accounts payable | $ | 2,814,498.38 |
|     Credit cards | $ | 1,779.97 |
|     Loan payable | $ | 12,100.58 |
|     Security deposits held | $ | 341,248.35 |
|     Short term loan payable | $ | 27,168.26 |
|     Unearned revenue | $ | 27,919.20 |
| | $ | **3,224,714.74** |
|   **Long term liabilities** | | |
|     Convertible notes | $ | 3,158,468.19 |
|     Long term loan payable | $ | 7,168,063.84 |
| | $ | **10,326,532.03** |
| **TOTAL LIABILITIES** | $ | **13,551,246.77** |

# Schedule D

# Premises Leased

| # | Agreement |
|---|---|
| 1 | Lease dated November 3, 2015, as amended from time to time, by and between Broadway 26 Waterview LLC, as landlord, and Live Primary LLC, as tenant, for those certain portions of the 3rd and 8th floors of the premises located at 26 Broadway, New York, New York. |

# Schedule E

# Senior Management

| Name, tenure and relevant responsibilities and experience |
|---|
| **Lisa Skye Hain**<br>CEO/Co-Founder<br><br>Lisa Skye Hain has been in the real estate and hospitality industry since 1998 and has managed two restaurants in Danny Meyer's hospitality empire, worked on a top residential and commercial real estate sales team with The Corcoran Group, built one of the world's largest and most prosperous BNI (Business Network International) chapters based in Manhattan, and served as WeWork's founding Head of Community — overseeing operations for their first two locations in New York City.<br><br>Lisa manages the operational team through the GMs and guides the executive management strategy and process. She oversees hospitality and customer service, investor relations, partner and member relations, and brand identity.<br><br>Lisa holds a Mass Communication and Broadcast Journalism degree from NYU. |
| **Brian Hain**<br>Co-Founder<br><br>Brian Hain has over a decade of experience in wellness programming, holistic health planning, multisport training, and community development, where he has cultivated his craft as a health and wellness expert with a burning desire to raise the quality of health in the world.<br><br>Brian implemented and managed the day to day systems and processes in place for sales, marketing and operational workflow of the facility. He also created wellness programming and is responsible for the management through his tenure. Brian additionally does the brand implementation for marketing as well as managing the website. Additionally, he oversaw the development of Primary from expansion of space and leasing within each location to completion through construction.<br><br>Brian holds a Sport Management degree from the University of Texas. |
| **Danny Orenstein**<br>Co-Founder<br><br>Leveraging a background in architecture with field construction expertise, Danny has worked on a wide breadth of projects ranging from award winning apartments to $9m luxury retail flagship stores. On the retail side, he served as Director of Store Development and Construction for Aesop Americas, Senior PM for Kate & Jack Spade, and founding Director of Development for WeWork. With WeWork, Danny oversaw the design and execution of the brand's first 500,000SF / six locations. When not at Primary, you'll likely find Danny cycling, jumping on a plane for an overseas adventure, and/or cooking a delicious meal with locally grown produce.<br><br>Danny oversaw development of Primary from ground up through the completion and operations of the first floor and location at 26 Broadway.<br><br>Danny holds an Architecture degree from Carnegie Mellon. |

**Jimmy Park**
VP of Operations and Marketing

Jimmy advised on strategy and implementation of Primary business systems and processes from executive level to day to day operations.

Jimmy holds an undergraduate degree in Philosophy from Florida and graduate degrees in business and management from Rollins and Harvard.

# Schedule F

## Estimated 30-Day Cash Receipts and Disbursements

| Type | Amount |
|---|---|
| Cash Receipts | $200,000.00 |
| Cash Disbursements | $80,900 |
| Net Cash Gain | $119,100 |
| Unpaid obligations | $350,000 |
| Unpaid receivables | $100,000 |